IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> vs.<br><br>WAKAJA HARDEN,<br><br>     Defendant. | **8:20-CR-322**<br><br>**MEMORANDUM AND ORDER ON MOTION FOR COMPASSIONATE RELEASE** |

## I.  INTRODUCTION

This matter is before the Court on Defendant's Motion for Compassionate Release. Filing 37. For the reasons stated herein, the Motion is denied.

## II.  BACKGROUND

On March 23, 2021, Defendant pled guilty to Assault Resulting in Serious Bodily Injury in Indian Country under Count I of the Indictment, in violation of 18 U.S.C. § 113(a)(6). Filing 1; Filing 20. As noted in Defendant's Revised Presentence Investigation Report (RPSR), which the Court accepted at sentencing without objections, Defendant attacked the victim while the victim was sleeping. Filing 32 at 4. The RPSR further states that the assault required emergency medical attention in which the victim spent four days in the hospital with a broken spine, broken ribs, and disfiguring lacerations. Filing 32 at 4. On June 23, 2021, the Court sentenced Defendant to 41 months of incarceration pursuant to Defendant's 11(c)(1)(C) plea agreement. Filing 24 at 4; Filing 31. Less than two months later, on August 15, 2022, Defendant filed the pending Motion for Compassionate Release.

### III.    DISCUSSION

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.*

Here, Defendant has not alleged nor provided evidence that he exhausted his administrative remedies before filing his Motion. Filing 37 at 1–4. Nevertheless, because mandatory claim-processing rules are non-jurisdictional, *see Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019), the Court may consider Defendant's Motion despite this omission. *See Houck*, 2 F.4th at 1084 (holding that the exhaustion requirement under § 3582(c)(1) "must be enforced *so long as the opposing party properly raises it*") (emphasis added); *but see United States v. Morales*, No. 4:18-CR-00199-01 SWW, 2020 WL 6787976, at *1 (E.D. Ark. Nov. 18, 2020) (rejecting motion for compassionate release when the prisoner's motion "indicate[d] that he ha[d] not requested compassionate release from the warden"). This Court's practice has been to assume exhaustion when the issue has not been raised by the nonmoving party. *See, e.g., United States v. Urkevich*, No. 8:03-CR-37, 2022 WL 488111, at *2 (D. Neb. Feb. 17, 2022); *United States v. Sadecki*, No. 8:19-CR-19, 2021 WL 929171, at *1 (D. Neb. Mar. 11, 2021). Therefore, the Court will assume

that Defendant exhausted his administrative remedies for the purpose of ruling on Defendant's Motion.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) and provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). It is the prisoner's burden to establish an entitlement to compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a [compassionate-release] motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district court's have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant compassionate release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). With these considerations in mind, the Court turns to the merits of Defendant's Motion.

The only discernable "extraordinary and compelling reason" in Defendant's Motion is his reference to the "global covid pandemic." Filing 37 at 1. As the Eighth Circuit Court of Appeals has advised, references to Covid-19 in compassionate-release motions require "an individualized inquiry, not a widespread release of inmates[.]" *Avalos Banderas*, 39 F.4th at 1061 (8th Cir. 2022) (quoting *Marcussen*, 15 F.4th at 858). More to the point, the Eighth Circuit Court of Appeals has stated that Covid-19, standing alone, "is not an extraordinary and compelling circumstance to warrant a sentence reduction." *Marcussen*, 15 F.4th at 858. "[T]he threat of contracting COVID-19 in the prison environment . . . is not by itself sufficient reason to modify a lawfully imposed prison sentence." *Id.* Because Defendant has not shown an extraordinary and compelling reason warranting a reduction in his sentence, the Court will deny his Motion for Compassionate Release.

Further, the Court has reviewed the record and concludes that a reduction of Defendant's sentence would be contrary to the factors under 18 U.S.C. § 3553(a).[1] Defendant received a within-guidelines sentence pursuant to his 11(c)(1)(C) plea agreement for committing an aggravated assault resulting in serious bodily injury. The victim in this case required hospitalization for significant injuries, including a broken spine. A sentence reduction would be contrary to the seriousness of his offense and the need to justly punish Defendant for his conduct.

## IV.    CONCLUSION

Defendant has failed to show extraordinary and compelling reasons justify a sentencing reduction. Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release, Filing 37, is denied.

---

[1] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).

Dated this 29th day of August, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge